406 S.E.2d 714

**CHERRY RIVER NATIONAL BANK, Peoples Bank of Richwood, Inc., One Valley Bank of Summersville, Inc., and Nicholas County Bank, Appellees, Petitioners Below,**

v.

**The Honorable Charles O. LORENSON, as Tax Commissioner, State of West Virginia, and the Honorable Fred A. Roberts, as Assessor, Nicholas County, West Virginia, Appellants, Respondents Below.**

No. 19999.

Supreme Court of Appeals of West Virginia.

Submitted May 14, 1991.

Decided June 27, 1991.

Rehearing Denied July 25, 1991.

Gordon C. Lane, Keith A. Jones, Bowles Rice McDavid Graff & Love, Charleston, for appellees.

Mario J. Palumbo, Atty. Gen., and James Alex, Asst. Atty. Gen., Charleston, for appellants.

NEELY, Justice:

In 1988, appellant Tax Assessor for Nicholas County requested that the appellee banks [1] supply him with information about the tangible personal property owned by them for the purpose of separate assessment and taxation of that property as Class IV property.[2] In January 1989 each bank returned the requested form under protest. After the assessor refused the protest, the assessor and the Banks requested a ruling from the appellant tax commissioner.[3] On 28 February 1989 the tax commissioner issued taxability ruling 89–5, which said that bank personal property was taxable as

---

1. The appellees are four banks: Cherry River National Bank, Peoples Bank of Richwood, Inc., One Valley Bank of Summersville, Inc., and Nicholas County Bank; hereinafter the Banks.

2. *W.Va.Code,* 11–8–5 [1961], provides the scheme under which taxable property is classi-

fied in Classes I–IV. The classification scheme is not relevant to the issues in this case.

3. Hereinafter, the appellants collectively will be referred to as the State.

Class IV property and that the value of the property, which was not realized in the *ad valorem* taxation of each bank's stock, was to be taxed as Class IV property. On December 5, 1989 the circuit court reversed taxability ruling 89–5, and the State now appeals. We affirm.

The question before us today is whether tangible personal property owned by a bank may be separately taxed in addition to the tax on the bank's shares of stock.

4. *W.Va. Const.,* art. X, § 1 provides in pertinent part:

> Subject to the exceptions in this section contained, taxation shall be equal and uniform throughout the State, and *all property,* both real and personal, *shall be taxed* in proportion to its value to be ascertained as directed by law. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value.... (emphasis added)

5. *W.Va.Code,* 11–3–12 [1972], provides in pertinent part:

> Each incorporated company, foreign or domestic, having its principal office or chief place of business in this State, or owning property subject to taxation in this State, *except* railroad, telegraph and express companies, telephone companies, pipeline, car line companies and other public utility companies, *banking institutions, national banking associations,* building and loan associations, federal savings and loan associations and industrial loan companies, shall annually, between the first day of the assessment year and the first day of November, make a written report.... (emphasis added)

*W.Va.Code,* 11–3–14 [1933], provides in pertinent part:

> Shares of stock in a banking institution, national banking association or industrial loan company shall be assessed at their true and actual value, according to the rules prescribed in this chapter, to the several holders of such stock in the county, district and town where such bank, company or association is located, and not elsewhere, whether such holders reside there or not. The real and actual value of such shares shall be ascertained according to the best information which the assessor may be able to obtain, whether from any return made by such bank, company or association to any officer of the State or the United States, from actual sales of the stock, from answers to questions by the assessor, as hereinafter provided, or from other trustworthy sources. The cashier, secretary or principal accounting officer of every such bank, company or association shall cause to be kept a correct list of the names

The State argues that assessors are required to tax the tangible personal property owned by banks under *W.Va. Const.,* art. X, § 1.[4] The Banks contend, however, that the legislature has decided to assess tangible personal property taxes against banks by taxing outstanding shares of stock rather than by attempting to evaluate each piece of tangible personal property.[5]

The State asserts that to interpret the statutes in the manner requested by the

> and residences of all the shareholders therein, and number of shares held by each, which list shall be open to the inspection of the assessors of the county, and of the tax commissioner or assistants; and such cashier, secretary or officer shall answer under oath such questions as the assessor may ask him concerning the matters shown by such list, and concerning the value of such shares, and shall be subject to the same penalties, for failure to do so, which are imposed by law upon individuals failing to answer questions which the assessor is authorized to ask. The taxes so assessed upon the shares of any such bank, company or association shall be paid by the cashier, secretary or proper accounting officer thereof, and in the same manner and at the same time as other taxes are required to be paid in such county, district and town. In default of such payment such cashier, secretary or accounting officer as well as such bank, company or association shall be liable for such taxes, and in addition, for a sum equal to ten percent thereof. Any taxes so paid upon any such share may, with interest thereon, be recovered from the owners thereof by the bank, company, association or officer paying them, or may be deducted from the dividends accruing on such shares. The real estate of any such bank, company or association shall be assessed as in other cases, and a proportionate share of such assessed value shall be deducted in ascertaining the market value of the shares. And if the title to the building in which any such bank, company or association does its business and the land on which such building stands is held by a separate corporation, in which such bank, company or association alone or together with another such bank or banks, company or companies, association or associations owns stock, and such building and land be assessed to such separate corporation, a proportionate share of the assessed value of such real estate of such separate company shall be deducted in ascertaining the market value of the shares of such bank, company or association. The return shall be made as of the first day of the assessment year.

Banks would require a finding that the statutes are unconstitutional. The State suggests that because the statutes do not specifically exempt the tangible personal property of banks from *ad valorem* taxation, the statutes do not foreclose the taxation of tangible personal property owned by the Banks, pursuant to *W.Va. Const.*, art. X, § 1.

 The State's argument demonstrates a fundamental misunderstanding of the law. We held in *Harris v. MacCorkle*, 146 W.Va. 946, 955–56, 123 S.E.2d 888, 894 (1962) (interpreting *W.Va.Code*, 11–3–14a [1959]):

> The statute in question clearly provides for a *method* or *mode of assessment* for the purpose of taxation, and the legislature, without question has such power.... It makes no difference what reason the legislature gives in providing for the method of assessment for taxation if it is clear that it pertains to a method or mode to guide the assessor, which the statute in question clearly does....

Although the legislature may not exempt property from taxation in violation of our Constitution, it may establish reasonable methods for assessing taxes against property.

Traditionally, the State has taxed banks in two ways. First, all real property owned by banks is subject to an *ad valorem* tax. Second, all outstanding stock of banks is subject to taxation, with an offset for the *ad valorem* real property tax paid. The State has taxed banks this way since this Court's decision in *State ex rel. Dillon v. Graybeal*, 60 W.Va. 357, 55 S.E. 398 (1906). Before January 1, 1972, the State was prohibited from taxing the tangible personal property of banks under the U.S. Supreme Court's holding in *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819). After 1972, however, banks have been sub-

ject to such taxation. *See* 12 U.S.C. § 548 (1969). The State's argument, therefore, suggests that the tax commissioner and his predecessors have been violating *W.Va. Const.* art. X, § 1 since January 1, 1972. We do not view the tax commissioner's previous actions in so harsh a light.[6]

 Our Constitution provides that all property shall be taxed, but it does not require that property be taxed more than once. In fact, we have held that, "[double taxation] is frowned upon by courts and should be done only by the specific direction of the legislature." *Harris, supra* 146 W.Va. at 954, 123 S.E.2d at 893. In the case before us, taxing a bank's stock provides a reasonable way to tax a bank's assets. Therefore, the commissioner was taxing banks on their full value before taxability ruling 89–5 was issued. To prevent double taxation, the banks were provided with a credit for the real property taxes that they paid. The tax commission now seeks to impose double tax liability on banks through ruling 89–5. Even if, under applicable constitutional principles, the legislature *could* decide to tax banks twice, by taxing both their shares and their property, the *legislature explicitly* has chosen *not* to do so. *See*, *W.Va.Code*, §§ 11–3–12 [1972] and 11–3–14 [1933].[7] *W.Va. Const.*, art. X, § 1, does not require the position set forth in taxability ruling 89–5; and the legislature has explicitly chosen a method of assessing taxes on banks contrary to taxability ruling 89–5.

Therefore, for the reasons set forth above, the judgment of the Circuit Court of Nicholas County is affirmed.

Affirmed.

---

6. A cynic might view this sudden about-face by the tax commissioner's office as a simple attempt to find new sources of funds in tight economic times. We, however, view the change as an honest, although misguided, reinterpretation of the law.

7. Our decision is buttressed by the enactment of *W.Va. Const.*, art. X, §§ 1b and 1c as constitutional amendments in 1982 and 1984 respectively. The adoption of these amendments validated the *ad valorem* property tax statutes in effect at the time of their passage.